### EX PARTE L. M. NICHOLS.

No. 9931.   Delivered February 17, 1926.

**Habeas Corpus—Bail Refused—Not Error.**

We have examined the record and find nothing to lead us to conclude that the learned trial judge abused his discretion in refusing to grant bail to this appellant. If tried before a fair and impartial jury and a verdict rendered in response to the testimony, we cannot say that the jury would not be warranted in inflicting the extreme penalty of the law, and the judgment denying bail will be affirmed.

Appeal from the District Court of Stonewall County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from an order of the District Court of Stonewall

County, denying bail to appellant in habeas corpus proceeding to secure same. Bail is denied.

*Stinson, Coombes & Brooks* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the District Court of Stonewall County denying bail to appellant in a habeas corpus proceeding brought for the purpose of securing same.

Appellant is charged with the murder of one Dock Coker. But one witness was heard when the matter was before the trial court. This witness detailed at length the occurrences preceding the homicide. According to his testimony deceased was acting in no other capacity save that of peacemaker. His intervention and efforts had averted an attack which appellant and his brother were about to make upon witness. The witness testified that shortly after deceased had induced said parties to desist from said threatened attack, and while deceased was at a point about fifteen feet from witness, appellant and his brother reappeared, walking rapidly and uttering threats. At this juncture deceased again went to them and endeavered to get them to behave, but appellant struck deceased, apparently with a knife. Deceased retaliated by a blow with his fist and was attacked by appellant and his brother. Witness said he went to the relief of deceased and struck appellant and knocked him down. The difficulty ended in a few moments and it was found that deceased was cut so badly in the throat and breast that he died before he could be gotten to a near-by hospital. We have examined the record and find nothing to lead us to conclude that the learned trial judge abused his discretion in refusing to grant bail to this appellant. We are unable to say from the facts before us that if this case were tried before a fair and impartial jury and a verdict rendered in response to the testimony, the jury would not be warranted in inflicting the extreme penalty of the law.

The judgment denying bail will be affirmed.

*Affirmed.*